UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA


RECEIVED
USDC, CLERK, CHARLESTON, S

2009 JUL 17 A 11: 35

| | |
|---|---|
| Clarence T. Fox, Jr., # 08861-017, | ) C/A No. 2:09-1868-HFF-RSC |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Darlene Drew, Warden, | ) |
| Respondent. | ) |

## Background of this Case

The petitioner is a federal inmate at FCI-Bennettsville in Marlboro County, South Carolina. The respondent is the Warden of FCI-Bennettsville. The petitioner is serving a life sentence and a concurrent sentence of two hundred forty (240) months for drug trafficking convictions entered in the United States District Court for the Northern District of Florida on January 23, 1990, in Criminal No. 89-01018-MMP. The petitioner's convictions and sentences were affirmed on direct appeal on December 2, 1992.

Information disclosed in a prior case, *Clarence T. Fox, Jr. v Mildred L. Rivera*, Civil Action No. 2:07-3051-GRA-RSC, shows that

the petitioner has filed seven collateral attacks[1] in the United States District Court for the Northern District of Florida. Six of the seven actions filed in the United States District Court for the Northern District of Florida were construed as Section 2255 actions and were dismissed by the district court there.

In the petition in the case at bar, the petitioner alleges that the Federal Bureau of Prisons (BOP) has not correctly set his offense date. In effect, the petitioner is contending that he should have been sentenced under "Pre-Guidelines" law and that the BOP should recalculate his sentences under "Pre-Guidelines" law. One of the exhibits (Entry No. 1-2) appended to the petition shows that the petitioner presented his grounds to the Federal Bureau of Prisons through its Administrative Remedy Procedure. The Request for Administrative Remedy was denied at all levels. The BOP Central Office denied relief on July 24, 2007.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the

---

[1] A "collateral attack" upon a federal conviction usually refers to a Section 2255 motion or a petition for a writ of habeas corpus 28 U.S.C. § 2241. The Supreme Court of the United States has pointed out that a prisoner who collaterally attacks his or her conviction has a higher hurdle to overcome in alleging errors during his trial than he or she confronts in a direct appeal. *See Engle v. Isaac*, 456 U.S. 107, 134-135 (1982).

procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The claims raised in the above-captioned case, however, are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). Since the petitioner is seeking

relief from his convictions entered in the United States District Court for the Southern District of Georgia, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, No. 97 CR 391, 2000 U.S.Dist. LEXIS 17611, 2000 WL 1788398 (N.D. Ill., Dec. 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead*.

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> Many decisions in this circuit hold that substance controls over the caption.
>
> > Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita

> querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States*, 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton*, 359 F.3d at 857.

*United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005). *See also United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003).

Many federal prisoners, such as the petitioner, have erroneously attempted to overturn federal convictions by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico).

6

The fact that the petitioner may be precluded from raising his grounds in a successive § 2255 petition does not render a § 2255 petition inadequate or ineffective. *Phillips v. Jeter*, Civil Action No. 4:04-CV-0846-Y, 2005 U.S.Dist. LEXIS 2939, 2005 WL 465160, *1-*2 (N.D. Tex., Feb. 25, 2005), *appeal dismissed*, *Phillips v. Jeter*, No. 05-10494, 193 Fed. Appx. 326, 2006 U.S. App. LEXIS 20154, 2006 WL 2006 WL 2254537 (5th Cir., August 7, 2006). *See also United States v. Winestock*; and *Rhodes v. Houston*, 258 F. Supp. 546 (D. Neb. 1966).[4]

---

[4]The holding in *United States v. Winestock* is based on longstanding case law. This longstanding case was discussed by forty years ago by the United States District Court for the District of Nebraska in *Rhodes v. Houston*:

> The invulnerability to a trial court's intrusion upon, or disregard of, a judgment or decree founded in, or supported by, an appellate mandate, is devoid of novelty. For example, in 1897, Mr. Justice Gray in *In re Potts*, 166 U.S. 263, 267, 268, 17 S.Ct. 520, 521, 522, 41 L.Ed. 994, wrote:
>
>> 'When the merits of a case have been once decided by this court on appeal, the circuit court (by which name the trial court was then known) has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer. *Ex parte Story*, 12 Pet. 339 (9 L.Ed. 1108); *Southard v. Russell*, 16 How. 547, (14 L.Ed. 1052); *Ex parte Dubuque & P.R. Co.*, 1 Wall. 69, (17 L.Ed. 514); *Stewart v. Salamon*, 97 U.S. 361, (24 L.Ed. 1044; *Gaines v. Rugg*, 148 U.S. 228, 13 S.Ct. 611, (37 L.Ed. 432). In this respect a motion for a new trial or a petition for a rehearing stands upon the same ground as a bill of

(continued...)

The above-captioned case is also a "repetitive" case. In *Clarence T. Fox, Jr. v Mildred L. Rivera*, Civil Action No. 2:07-3051-GRA-RSC, the petitioner brought a Section 2241 action and contended: *(1)* "THE BUREAU OF PRISONS IS ERRONEOUSLY COMPUTING FOX'S SENTENCE UNDER THE SENTENCING REFORM ACT OF 1984, BECAUSE THERE IS NO EVIDENCE TO SHOW THAT FOX [COMMITTED] ANY ILLEGAL CONDUCT OCCURRING ON OR AFTER NOVEMBER 1, 1987 OR NOVEMBER 18, 1988[;]"[5] and *(2)* "THE BUREAU OF PRISONS LACKS THE AUTHORITY TO REOPEN FOX'S SENTENCING HEARING TO MAKE THE RECORD SHOW AN 'OFFENSE

---

(...continued)
> review, as to which Mr. Justice Nelson, speaking for this court, in *Southard v. Russell*, above cited, said: 'Nor will a bill of review lie in the case of newlydiscovered evidence after the publication or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the court of chancery and house of lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits.''

*Rhodes v. Houston*, 258 F. Supp. at 567 (quotation downloaded from WESTLAW® [unbalanced quotation marks in original]).

[5]The petitioner's Pre-Sentence Report, apparently, indicated that the offense of Count 2 occurred from early 1987 to 1989. *See* Entry No. 1-4, at page 6 (Warden Rivera's initial determination on the petitioner's administrative remedy request), which refers to the Pre-Sentence Report.

DATE' FOR HIS CONSPIRACY TO COMPUTE HIS SENTENCE DATE UNDER THE NEW LAW."

In a Report and Recommendation filed in Civil Action No. 2:07-3051-GRA-RSC on September 12, 2007, the undersigned recommended that the petition be dismissed *without prejudice* because the petitioner's claims were not cognizable pursuant to 28 U.S.C. § 2241 in the Fourth Judicial Circuit. The petitioner was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. The petitioner filed timely written objections on September 18, 2007.

In an Order filed in Civil Action No. 2:07-3051-GRA-RSC, the Honorable G. Ross Anderson, Jr., United States District Judge, adopted the Report and Recommendation. The petitioner's appeal in Civil Action No. 2:07-3051-GRA-RSC (Fourth Circuit Docket No. 07-7689) was not successful. On May 27, 2008, the United States Court of Appeals for the Fourth Circuit affirmed the decision of this district court based on the reasoning of this district court:

> PER CURIAM:
>
> Clarence T. Fox, Jr., a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2241 (2000) petition. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Fox v. Rivera*, No. 2:07-cv-03051-GRA, 2007 WL 3273551 (D.S.C. Nov. 2, 2007). We dispense with oral argument because the facts

> and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

*Fox v. Rivera*, No. 07-7689, 279 Fed.Appx. 280, 2008 U.S.App. LEXIS 11256, 2008 WL 2185428 (4th Cir., May 27, 2008).

This court may take judicial notice of Civil Action No. 2:07-3051-GRA-RSC. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The above-captioned case is subject to summary dismissal for the same reasons that Civil Action No. 2:07-3051-GRA-RSC was subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it

>had no duty to grind the same corn a second time.
>Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.

Since the claims that the petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, the petitioner's available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Eleventh Circuit. Before the petitioner attempts to file another petition regarding his sentence under 28 U.S.C. § 2255, the petitioner **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Eleventh Circuit. The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia. The applicable form, which is seven pages in length, is entitled an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 by a Prisoner in Federal Custody."[6] The mailing address of the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit is 56 Forsyth Street, N.W., Atlanta, Georgia 30303.

---

[6]Each United States Court of Appeals has developed its own applicable form for determining motions for leave to file a successive petition. The five-page form used by the United States Court of Appeals for the *Fourth Circuit* is called a "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

### *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file a return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

July 17, 2009
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).